UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| OLGA MORELIA GARCIA MONTALBAN,<br><br>Petitioner,<br><br>-against-<br><br>KENNETH GENALO, *Field Office Director of Enforcement and Removal Operations, New York Field Office, Immigration and Customs Enforcement*; TODD LYONS, *Acting Director, United States Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; PAMELA BONDI, *United States Attorney General*; U.S. DEPARTMENT OF HOMELAND SECURITY, *and* EXECUTIVE OFFICE FOR IMMIGRATION REVIEW<br><br>Respondents. | **ORDER**<br>26 Civ. 1808 |

EDGARDO RAMOS, United States District Judge:

Garcia Montalban filed a Petition for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on March 4, 2026.  Doc. 1.  On March 5, 2026, the Court issued an Order to Answer, directing the Respondents not to transfer Garcia Montalban outside of the Southern District of New York, the Eastern District of New York, or the District of New Jersey and requesting that the Respondents to file a letter indicating, *inter alia*, (1) whether the Petitioner was located in the Southern District of New York at the time that the Petition was filed, (2) the statutory provision(s) under which the Respondents assert the authority to detain the Petitioner, and (3) if the asserted basis for the Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish this case from this Court's decision in *Liu v. Almodovar*, 25-cv-9256 (S.D.N.Y. Dec. 2, 2025).  Doc. 9.

On March 6, 2026, the Respondents filed a letter with the Court requesting a modification to the Court's Order to Answer, to permit the transfer of Garcia Montalban to a facility in the Middle District of Pennsylvania.  Doc. 24.  Respondents assert that Garcia Montalban was given a "high risk" classification due to her criminal history, and there are no detention facilities that hold "high risk" female ICE detainees in this District, the Eastern District of New York, or the District of New Jersey.  *Id.*  On March 9, Garcia Montalban filed a letter opposing the request.  Doc. 26.  Also on March 9, 2026, the Respondents filed a letter responding to the Court's initial order to answer.  Doc. 27.

In their letter, the Respondents concede that venue is proper because the Garcia Montalban was in the Southern District of New York when the Petition was filed.  *Id.* at 1.  The Respondents also assert that the basis for the Garcia Montalban's detention is 8 U.S.C. § 1225(b)(2)(A) and that, "[a]s to the statutory question of which detention provision governs Petitioner's detention—8 U.S.C. § 1226 or 8 U.S.C. § 1225(b)(2)(A)—the instant case is not materially distinguishable from the Court's decision in *Liu*."  *Id.* at 2.  Thus, while the Respondents "respectfully disagree with the Court's decision in that case, [they] acknowledge that the *Liu* decision would control resolution of that issue in this case if the Court adheres to its prior decision."  *Id.*  The Respondents therefore do not raise any arguments for departing from *Liu*'s statutory holding, but rather "rely[] on, and incorporate by reference, the legal arguments [the respondents] presented in *Liu*."  *Id.*  They also indicate that they "believe the Court can decide this matter without further briefing."  *Id.*  Having been presented with no additional arguments for deviating from *Liu*, the Court therefore GRANTS the Petition for the reasons set forth therein.

While that would normally end the matter, the Court must address the question of the appropriate remedy.  Garcia Montalban requests to be released, or in the alternative, to be provided a bond hearing pursuant to 8. U.S.C. § 1226(a) within seven days.  Doc. 1 at 22.  In *Liu*, the Court ordered that the petitioner be immediately released.  The Respondents argue that this case is distinguishable, because "[h]ere, Petitioner was recently arrested by the NYPD on criminal charges involving assault."  Doc. 27 at 2.  Respondents advise that Garcia Montalban was arrested by the New York City Police Department on February 19, 2026 and charged with one count of misdemeanor assault.  Docs. 27 at 2.; *see also* 27-4.  On February 20, 2026, ICE lodged a detainer, which was not honored.  Docs. 27 at 2; 27-5.[1]  On March 4, 2026, ICE arrested Garcia Montalban after she appeared in immigration court at 26 Federal Plaza.  Docs. 27 at 2; 27-7.  Thus, Respondents contend that Garcia Montalban should not be released but rather ordered to receive a bond redetermination hearing pursuant to 8 U.S.C. § 1226(a).  Doc. 27 at 2.

As the Court has previously explained, a bond redetermination hearing is only appropriate when there was an individualized determination to detain the noncitizen in the first place.  *See Vizhco Chunchi v. Francis*, No. 25-CV-10249 (ER), 2026 WL 249676, at *3 (S.D.N.Y. Jan. 30, 2026).  In the instant case, the fact that ICE lodged a detainer against Garcia Montalban following her arrest suggests that ICE may have made an individualized determination prior to her detention, which occurred under two weeks later.  *See id.* (indicating that the fact that ICE lodged a detainer against the Petitioner after his arrest suggests that ICE may have conducted an individualized assessment).  Therefore, the Court finds that a bond

---

[1] The detainer stated that she was to be taken into custody under the Laken Riley Act and because Montalban "otherwise poses a risk to national security, border security, or public safety."  Doc. 27-5 at 1.  In their letter, Respondents note that "ICE has since determined that the charges do not trigger mandatory detention under the Laken Riley Act."  Doc. 27 at n.2.

hearing is the appropriate remedy here.  At the bond hearing the government bears the burden, by clear and convincing evidence, to show that the noncitizen is a danger to the community or a flight risk.  *See Velasco Lopez v. Decker*, 978 F.3d 842, 855–56 (2d Cir. 2020).  Accordingly, the Court DENIES Garcia Montalban's petition insofar as it requests immediate release.

Finally, the Court grants the Respondents' request to transfer Garcia Montalban to the Middle District of Pennsylvania.  In their request, Respondents assert that Garcia Montalban was given a "high risk" classification due to her arrest, and there are no detention facilities in this District, the Eastern District of New York, or the District of New Jersey for "high risk" female ICE detainees.  Doc. 24.  Garcia Montalban opposes the request on the grounds that Respondents never disclosed the standard used to designate Garcia Montalban as "high risk," Respondents have not conducted any individualized analysis as to whether Garcia Montalban poses a flight risk or a danger to the community, that Respondents' inability to house Garcia Montalban is a problem of their own making, and that the facility they wish to transfer her to is "notorious for 'deficient medical care, pervasive barriers, retaliatory discipline, and a climate of fear.'"  Doc. 26.  As discussed above, at the bond redetermination hearing, the government will have to demonstrate with clear and convincing evidence that Garcia Montalban poses a danger to the community or is a flight risk.  Further, the caselaw which Garcia Montalban cites does not appear to support finding that the Court can overturn Garcia Montalban's "high risk" classification or that denial of transfer is the appropriate remedy.

For the foregoing reasons, the petition is GRANTED in part and DENIED in part.  The Government shall ensure that Garcia Montalban receives a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) **within seven days of this opinion, by March 17, 2026.**

At the hearing, the Government shall bear the burden to prove, by clear and convincing evidence, that the petitioner is a danger to the community or a risk of flight.  If no such hearing is held by that deadline, the Government shall immediately release the petitioner.  Further, both parties are directed to file a status update with this Court by **March 17, 2026**.

The Respondents request to modify this Court's Order to Answer is GRANTED insofar as Court directs Respondents not to transfer Petitioner, except to a facility within this District, the Eastern District of New York, the District of New Jersey, or the Middle District of Pennsylvania absent a further order of this Court.

SO ORDERED.

Dated:   March 10, 2026
         New York, New York

_____
EDGARDO RAMOS
United States District Judge