

March 10, 2026

BY ECF

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**
at page 4

Re: *Garcia Montalban v. Genalo, et al.*, No. 26-cv-01808 (ER)

Dear Judge Ramos,

    Petitioner Olga Morelia Garcia Montalban respectfully moves the Court to reconsider its March 10, 2026 Minute Order directing Respondents to hold a bond hearing before an Immigration Judge within seven days and permitting Olga's transfer to the Middle District of Pennsylvania.[1] A motion to reconsider may be granted where there is a "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) Here, reconsideration is necessary to prevent the "manifest injustice" that would result if Petitioner is not granted immediate release.

    A bond hearing in front of an immigration judge is inadequate to vindicate Olga's rights. Recent actions by ICE attorneys and immigration judges during and after habeas court-ordered bond hearings have necessitated enforcement proceedings across the country, creating significant extra work for courts and the parties while unlawful detention continues.[2] Hundreds of cases have involved Respondents' outright refusal, inability, or failure to hold a timely bond hearing after being ordered to do so.[3] Additionally, in the past year, ICE has frequently appealed immigration

---

[1] As far as Petitioner's counsel is aware, there is no detention facility in the Middle District of Pennsylvania. To the extent that the Court intended to permit transfer to Moshannon Valley Processing Center in the Western District of Pennsylvania, Petitioner respectfully urges the Court to reconsider due to the notoriously dangerous conditions of confinement and hardship separation from her loved ones and counsel would cause to Olga. (Dkt No. 26).

[2] *See generally* Kyle Cheney, *Judges Keep Ordering Immigration Hearings—But Say the Results Are Often A Sham*, Politico (Mar. 6, 2026), https://www.politico.com/news/2026/03/06/immigration-case-hearings-judges-00815660?utm_medium=twitter&utm_source=dlvr.it.

[3] *See Kumar v. Soto*, No. 26-cv-777, Dkt. No. 21-1. (D.N.J. Feb. 13, 2026) (filing from the New Jersey U.S. Attorney's Office admitting to violating fifty-six orders in habeas cases, including failure to hold bond hearings in the required time period); *Juan T.R. v. Noem*, No. 26-cv-0107 (PJS/DLM), 2026 WL 555601, at *1 (D. Minn. Feb. 26, 2026) (cataloging 210 court orders the Department of Justice violated in 143 habeas cases, including 15+ instances of failing to provide

judges' grants of bond to the Board of Immigration Appeals and invoked the "automatic stay" regulation, 8 C.F.R. § 1003.19(i)(2), to prevent even those noncitizens who succeed in bond hearings from being released. Dozens of habeas courts have ruled that the automatic stay violates due process and have ordered the government to allow a petitioner to post bond. *See, e.g.*, *M.P.L. v. Arteta*, No. 25-cv-5307, 2025 WL 3288354, at *7 & n.6 (S.D.N.Y. Nov. 25, 2025) (collecting cases). In other cases, ICE has applied onerous electronic GPS ankle monitors or other unnecessary conditions of release that neither the habeas court nor the immigration court ordered, requiring additional litigation. *See, e.g.*, *Diahn v. Lowe*, No. 24-cv-1936, 2026 WL 84576, at *5 (M.D. Pa. Jan. 12, 2026) (ordering ICE to remove ankle monitor it had unilaterally imposed after immigration judge granted release on bond without further conditions). Finally, some immigration judges have failed to conduct a neutral, individualized bond hearing or to place the burden of proof as ordered by the habeas court. *See, e.g.*, *Ulloa Bueno v. Soto*, No. 26-cv-896, 2026 WL 509102, at *2 (D.N.J. Feb. 24, 2026) (granting immediate release after immigration judges twice failed to conduct a neutral bond hearing with the burden on DHS); *Akhemedov v. Pittman,* No. 25-cv-13734 (MCA), 2026 WL 323404, at *4 (D.N.J. Feb. 6, 2026) (ordering second bond hearing after the immigration judge failed to clearly put the burden of proof on the government at the first court-ordered hearing. as the habeas court had required).

To share one illustrative example from NYLAG's experience and within this District: In *Romero Perez v. Francis*, 2025 WL 3110459, No. 25-cv-8112 (S.D.N.Y. Nov. 6, 2025), Judge Koetel ordered the government to hold a bond hearing within seven days, at which the government would bear the burden of showing that the noncitizen is a danger to the community or a flight risk. The immigration judge subsequently refused to hold a hearing on the merits and denied bond on a lack of jurisdiction—on the very basis that the District Court had just rejected in granting the habeas petition. *See id.*, ECF No. 31 (Nov. 10, 2025) (first motion to enforce). After the petitioner filed an emergency motion to enforce, the immigration judge held a second hearing and granted bond. However, ICE immediately invoked the automatic stay provision to bar the Petitioner's release. *Id.,* ECF No. 33 (Nov. 13, 2025) (second motion to enforce). Only after a second emergency motion was filed did ICE withdraw the automatic stay and permit release. *Id.*, ECF No. 34 (status update).

Respondents concede that the present case "is not materially distinguishable" from *Liu v. Almodovar*, No. 25-cv-9256 (ER), 2025 WL 3458633 (S.D.N.Y. Dec. 2, 2025), in which this Court ordered immediate release after concluding that the petitioner was not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and that his detention violated the Due Process Clause (Dkt No. 27 at 2). Nevertheless, despite acknowledging that *Liu* "control[s] resolution" of this case (Dkt No. 27 at 2), Respondents now ask this Court to accept Olga's illegal detention as the baseline and to order only a bond hearing instead of outright release. Respondents should not be allowed to benefit from their naked violation of the law. Petitioner respectfully requests that this Court order Respondents to immediately release Olga.

Respondents have asserted a series of shifting and illegal justifications for Olga's detention. First, ICE issued a detainer falsely claiming that Olga's brief arrest on misdemeanor charges

---

a court-ordered bond hearing); *Cartagena Hueso v. Soto*, No. 26-cv-1455-ZNQ, 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026) (granting immediate release after Respondents failed to comply with court orders to hold a bond hearing within ten days and to prevent petitioner's transfer out of state).

subjected her to mandatory detention under the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E) (Dkt No. 27-5 at 1). Respondents now concede, as they must, that the Laken Riley Act is inapplicable (Dkt No. 27 at 2 n.1). Yet they detained Olga anyway, this time claiming that Olga is subject to mandatory detention under § 1225(b)(2). Respondents now concede that Olga's detention is indistinguishable from detention that this Court has already found to be both statutorily and constitutionally unlawful. Since there is no real dispute as to the illegality of Olga's ongoing detention, the only remaining issue is the appropriate remedy.

Here, the only appropriate remedy is immediate release. *See Munaf v. Green*, 553 U.S. 674, 693 (2008) (release is the "typical remedy" for "unlawful executive detention"). As of this writing, Olga has been detained for six days without a shower, a bed, or adequate medical care for the injuries ICE inflicted on her during her violent detention—and without any individualized determination that she is either a flight risk or a danger to society. As this Court recognized in *Liu*, these violations and the lack of pre-deprivation notice and individualized review before Olga's arrest cannot be remedied by a post-deprivation hearing. *See Liu*, 2025 WL 3458633 at *5–6. Numerous other courts, including in this District, agree that when noncitizens are detained in violation of the Immigration and Nationality Act and the Due Process Clause, the appropriate remedy is release on recognizance without further conditions of release, and those courts routinely order release for similarly situated noncitizens.[4]

While Respondents argue that Olga's arrest on misdemeanor charges sets her case apart (Dkt No. 27 at 2–3), this is a distinction without a difference. Olga has not been convicted of any crime, has never had the opportunity to contest these charges, and has no other criminal record (Dkt No. 26 at 1–2). Indeed, a criminal court, looking at these same charges, released Olga on her own recognizance (Ex. A). Courts in this District and elsewhere have held that pending charges

---

[4] *See, e.g.*, *Munoz Materano v. Arteta*, 2025 WL 2630826, at *20 (S.D.N.Y. Sept. 12, 2025) (Ramos, J.), (ordering immediate release); *Qasemi v. Francis*, No. 25-cv-10029, 2025 WL 3654098, at *14 (S.D.N.Y. Dec. 17, 2025) (same); *Chipantiza-Sisalema v. Francis*, 2025 WL 1927931, at *4 (S.D.N.Y. July 13, 2025) (same); *Rueda Torres v. Francis*, No. 25-cv-8408, 2025 WL 3168759, at *6 (S.D.N.Y. Nov. 13, 2025) (same); *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569, at *7 (E.D.N.Y.); *Cifuentes v. Soto*, No. 25-cv-18029, 2025 WL 3771380, at *4 (D.N.J. Dec. 31, 2025) (same); *Gonzalez Centeno v. Lowe*, No. 25-cv-2518, 2026 WL 94642, at *4 (M.D. Pa. Jan. 13, 2026) (same); *Feisal O. v. Noem*, No. 26-cv-81, 2026 WL 92857, at *3 (D. Minn. Jan. 13, 2026) (same); *Garcia Covarrubias v. Holston*, No. 2:25-cv-02445, 2026 WL 25970, at *4 (D. Nev. Jan. 5, 2026) (same) *Kenzhebaev v. Noem*, No. 25-cv-1786, 2025 WL 3737975, at *9 (W.D. Mich. Dec. 29, 2025) (same); *Kobilov v. O'Neill*, No. 26-cv-0058, 2026 WL 73475, at *3 (E.D. Pa. Jan. 8, 2026) (same, finding a bond hearing unnecessary where there was no indication petitioner was a danger or flight risk); *Ortega-Aguirre v. Noem*, No. 25-cv-04332, 2025 WL 3684697, at *4 (S.D. Tex. Oct. 10, 2025) (same); *Bumbila Iza v. Arnott*, No. 25-cv-3392, 2026 WL 67152, at *5 (W.D. Mo. Jan. 8, 2026) (same); see also *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 154 (W.D.N.Y. 2025) (ordering release and that petitioner could not be detained without a pre-deprivation hearing); *Gil v. Warden, Otay Mesa Det. Ctr.*, No. 25-cv-03279, 2025 WL 3675153, at *4 (S.D. Cal. Dec. 17, 2025) (same); *Sekhon v. Warden of Golden State Annex Det. Facility*, No. 25-cv-1692, 2026 WL 74151, at *4 (E.D. Cal. Jan. 9, 2026) (same); *Alfaro Herrera v. Balthazar*, No. 25-cv-04014, 2026 WL 91470, at *13 (D. Colo. Jan. 13, 2026).

for comparable and even more serious offenses, without convictions, do not justify continued detention nor alter that release is the appropriate remedy in a habeas action. *See, e.g.*, *Kelly v. Almodovar*, No. 25-cv-6448 (AT), 2025 WL 2381591, at *2–3 (S.D.N.Y. Aug. 15, 2025) (ordering release of petitioner with pending charges of third-degree assault and second-degree harassment charges); *Marquez v. Chestnut*, No. 26-cv-00988-DAD-CSK, 2026 WL 326811, at *1–2 (E.D. Cal. Feb. 6, 2026) (same for pending DUI charge); *Rodriguez Cruz v. Warden of the Golden State Annex*, No. 26-cv-00348-DAD-SCR, 2026 WL 453561, at *2 (E.D. Cal. Feb. 18, 2026) (same where petitioner was arrested and possibly charged with felony DUI); *Vargas Monsalve v. Chestnut*, No. 26-cv-00626-DAD-CKD, 2026 WL 242066 (E.D. Cal. Jan. 29, 2026) (same where petitioner was arrested for DUI). Just as in these cases, the appropriate remedy for Olga remains release.

In light of Respondents' pattern of egregious violations at and abuse of bond hearings, this Court should modify its March 10, 2026 to provide that Respondents must immediately release Olga from Detention. The Court should further enjoin Respondents from re-detaining Olga at a future date in the absence of changed circumstances.[5]

The government is directed to respond by 5:00 pm on Thursday, March 12, 2026.

SO ORDERED.

*[signature]*
Edgardo Ramos, U.S.D.J.
Dated: March 11, 2026
New York, New York

Respectfully submitted,

/s/ Alexandra Zaretsky

Alexandra Zaretsky
Kate Fetrow
Melissa Chua
New York Legal Assistance Group
100 Pearl Street, 19th Floor
New York, NY 10004
azaretsky@nylag.org
kfetrow@nylag.org
mchua@nylag.org
(212) 659-7515

---

[5] If the Court does elect to order Respondents only to provide a bond hearing, Petitioner respectfully requests that the Court order that at such a bond hearing, Respondents would bear the burden of proof to show that Olga is a danger to the community or a flight risk.